clf\whitmore-nco\pleadings\class complaint050608

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAVERNE WHITMORE, on behalf of herself and all others similarly situated<br>6136 N. Norwood Street<br>Philadelphia, PA 19138-2412<br>       Plaintiff<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC.<br>507 Prudential Road<br>Horsham, PA 19044<br><br>and<br><br>NCO PORTFOLIO MANAGEMENT, INC.<br>507 Prudential Road<br>Horsham, PA 19044<br>       Defendants | CIVIL ACTION<br><br><br><br>NO.<br><br><br><br>CLASS ACTION |

## **COMPLAINT**

### I.  **INTRODUCTION**

1. This is a consumer protection class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, (hereinafter "FDCPA" or "Act"). Plaintiff, individually and on behalf of all other consumers similarly situated, seeks damages and other relief against defendant debt collectors for their use of deceptive and unfair collection practices. Defendant NCO Financial Systems, Inc., on behalf of its affiliate NCO Portfolio Management, Inc. has sent out form collection notices which demand grossly excessive and improper interest. The letters reflect a "purchased balance" sum, the aggregate amount of principal, interest and other charges purchased by Defendant debt buyer NCO Portfolio. Yet, in addition, NCO Financial has assessed, in the case of Plaintiff (and the Class she seeks to represent) additional and excessive interest – here in the amount of $910.75 which represents

1

some 9.7 years of interest since NCO purchased the debt.

Defendants' collection tactics violate the provisions of the FDCPA including misrepresenting the character, status or amount of the debt, 15 U.S.C. § 1692e(2) seeking to collect sums not authorized by contract or statute, 15 U.S.C. § 1692f(1).

## II. JURISDICTION

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §§1331 and 1337.

3. In personam jurisdiction exists and venue is proper, as defendant NCO Financial and NCO Portfolio are located in this district and have caused harm in this district.

## III. PARTIES

4. Plaintiff Laverne Whitmore ("Whitmore") is an adult individual residing at 6136 N. Norwood Street, Philadelphia, PA 19138.

5. At all times material hereto, Whitmore, and each member of the Class she seeks to represent, was a "consumer" as that term is contemplated in § 1692a(3) of the Act.

6. Defendant NCO Financial Systems, Inc., ("NCO Financial") is a Pennsylvania corporation with a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

7. Defendant NCO Portfolio Management, Inc. ("NCO Portfolio") is a Delaware corporation with a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

8. Unless differentiated, the Defendants collectively are referred to as "NCO" or "Defendants."

9. The principal purpose of Defendants is the collection of consumer debts alleged to be due another, or the purchase of consumer debts when already in or alleged to be in default.

10. Defendants regularly use the mail and telephone to attempt to collect consumer debts alleged to be due another.

11. Defendants are each a "debt collector" as that term is defined in the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

12. At all times material hereto, Defendant NCO Portfolio purchased or acquired when in default or alleged to be in default, an account owed or claimed to have been owed to American General Finance by Whitmore.

13. NCO Portfolio engaged or otherwise hired NCO Financial to attempt to collect from Whitmore on the alleged obligation.

14. The alleged debt at issue arose out of transactions which were primarily for personal, family or household purposes.

15. On or about May 6, 2007, NCO wrote to Whitmore by U.S. mail a collection letter ("the May 6, 2007 Letter") seeking payment of an account alleged due. The May 6, 2007 Letter demanded payment as follows:

>   NCO PORFOLIO MANAGEMENT
>   FORMER CREDITOR: AMERICAN GENERAL FINANCE
>   ACCOUNT #: XXXX8163
>   PURCHASED BALANCE: $ 1553.24
>   INTEREST AMOUNT: $910.75
>   INTEREST RATE: 6.000%
>   COLLECTION CHARGE: $ 0.00
>   COSTS: $0.00
>   OTHER CHARGES: $ 0.00
>   TOTAL BALANCE: $2463.99

A true and correct copy of the May 6, 2007 Letter is attached hereto as Exhibit A and is incorporated herein (redacted for privacy, per local rule).

16. NCO Portfolio is in the business, *inter alia,* of purchasing consumer debt at a steep discount and then trying, through NCO Financial or other collectors, to collect on that debt.

17. The amount listed in the collection letter as "Purchased Balance" refers to the aggregate obligation alleged to be due by the consumer at the time of purchase of the debt by NCO. That "Purchased Balance" includes among other things: principal, interest, collection charges, and any other charges.

18. Any interest which had accrued on the alleged obligation as of the date of purchase by NCO is reflected in the "Purchased Balance."

19. In addition to the interest which had accrued as of the date that NCO Portfolio bought the debt(s), included in the "Purchased Balance," NCO has separately assessed an additional amount of interest at a stated interest rate of 6%.

20. In the case of Whitmore, interest is separately assessed at 6% in the amount of $910.75.

21. The interest amount demanded in the letter thus represents <u>9.77 years of accrued</u> interest at the stated rate.

22. On information and belief, this sum of interest demanded is excessive, inflated and inaccurate. NCO did not purchase the debt 9.77 years before sending the collection letter(s) in issue.

23. Section 1692e of the FDCPA prohibits a debt collection from using any false, deceptive or misleading means in connection with the collection of any debt, including falsely

representing the character, amount, or legal status of a debt claimed due. 15 U.S.C. §1692e and §1692e(2)(A).

24. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt, including the collection of an amount which is not expressly authorized by the agreement creating the debt or permitted by law.

25. NCO's letter(s) were deceptive and misleading in that they demanded payment of a wildly excessive amount of interest.

26. Plaintiff, and the least sophisticated consumer, would be uncertain or confused by the letters because they purport to assess interest for a grossly excessive period and/or for a grossly excessive amount.

27. The NCO letter(s) do not accurately state the amount of the debt claimed due.

## V.  CLASS ALLEGATIONS

28. Plaintiff brings this action on her own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

29. Plaintiff proposes to define the class (the "Class") as follows:

    a. All persons with addresses in Philadelphia, Pennsylvania;

    b. to whom one or more collection letters were sent by NCO Financial Systems, Inc. identifying as the account owner NCO Portfolio Management;

    c. bearing a date May 6, 2007 through May 6, 2008;

    d. in an attempt to collect a debt incurred primarily for personal, family, or household purposes;

  e. which reflect an interest rate of 6% and which show, in addition to a "Purchased Balance" an "Interest Amount" which exceeds 12% of the Purchased Balance.

  30. Excluded from the Class are any individuals with suit(s) pending against NCO for substantially the same conduct averred herein.

  31. The Class is believed to be so numerous that joinder of all members is impractical. The Complaint concerns mass-produced form collection letters.

  32. There are questions of law or fact common to the Class. These include whether Defendant violated:

  a. 15 U.S.C. §1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

  b. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount or legal status of the alleged debt;

  c. 15 U.S.C. §1692f(1) by attempting to collect or collection of an amount not expressly authorized by the agreement creating the debt or permitted by law; and

  d. whether Defendant overcharged or collected sums not due and collectible.

  33. Whitmore's claims are typical of the claims of the Class. All are based on the same factual and legal theories.

  34. Whitmore will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to those of the class and Plaintiff's counsel is competent and experienced in consumer credit cases and class actions.

  35. The questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class members are consumer debtors,

who may be unable to locate or afford to hire lawyers. Most are probably unaware that their rights, and the FDCPA, have been violated.

36. The Class may be certified under Fed.R.Civ.P. 23(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy in that:

    a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute by private attorneys general. 15 U.S.C. §1692k.

    b. Most of the Class members are not aware of their rights and have no knowledge that their rights are being violated by illegal collection practices.

    c. The interest of Class members in individually controlling the prosecution of separate claims against debt collectors is small because the maximum statutory damages available in an individual action under the Act is $1,000.00.

    d. This Pennsylvania-only class action is likely to be easily manageable.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

37. The Defendants, by sending such collection notice(s) to Plaintiff and the members of the putative Class, has violated:

    a. 15 U.S.C. §1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

    b. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount or legal status of the alleged debt;

    c. 15 U.S.C. 1692f(1) by attempting to collect or collection of an amount not expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff Laverne Whitmore prays that this Court certify the Class and enter judgment for Plaintiff and the Class members:

a. Awarding damages to Plaintiff and to the Class as provided for in 15 U.S.C. §1692k(a);

b. Awarding Plaintiff and the Class their costs and reasonable attorney's fees; and

c. Granting such other relief as may be deemed just and proper.

## VI. <u>JURY DEMAND</u>

Pursuant to Fed.R.Civ.P. 38, Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

DATE: 05/06/08

/s/*Cary L. Flitter (CLF5997)*
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff and the Class

**LUNDY, FLITTER,
BELDECOS & BERGER, P.C.**
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0782

# EXHIBIT "A"

Box 4909
Dept 22
Trenton, NJ 08650-4909

**NCO FINANCIAL SYSTEMS INC**

507 Prudential Road, Horsham, PA 19044

800-933-6736
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
May 6, 2007

Calls to or from this company may be monitored or recorded for quality assurance.

NCO PORTFOLIO MANAGEMENT
FORMER CREDITOR: AMERICAN GENERAL FINAN
ACCOUNT #:
PURCHASED BALANCE: $1553.24
INTEREST AMOUNT: $ 910.75
INTEREST RATE: 6.000%
COLLECTION CHARGES: $ 0.00
COSTS: $ 0.00
OTHER CHARGES: $ 0.00
TOTAL BALANCE: $2463.99

4180
LAVERNE WHITMORE
6136 N NORWOOD ST
PHILADELPHIA PA  19138-2412

Dear LAVERNE WHITMORE:

Please contact us to take advantage of an offer to settle the above account.

You can pay a total of $1231.99 (50% of the above balance), in up to 6 monthly payments.

This offer may expire without notice. Before making payment, please confirm with one of our representatives that this offer has not expired.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is CXT63902-23P079.

Should you choose not to accept this offer, your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Account # | Total Balance |
|---|---|
|  | $ 2463.99 |

LAVERNE WHITMORE

Payment Amount

$

Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 4907
TRENTON NJ 08650-4907

NCO 27
4180

012200XT63902000000150000000000002463994